UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JACQUELINE STEVENS,<br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>IMMIGRATION AND CUSTOMS ENFORCEMEN<br>Defendant. | )<br>)<br>) No. 20 cv 2725<br>)<br>) Judge Rowland<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FULL
AND COMPLETE RESPONSES TO INTERROGATORIES
AND REQUESTS FOR ADMISSION**

Plaintiff Stevens, by and through her attorneys, Nicolette Glazer Esq. and Law Offices of Larry R Glazer, moves this Court pursuant to FED. R. CIV. P. 33, 34, 36, and 37 for complete responses to her First Set of Interrogatories, Requests for Admission, and Document Requests to Defendant ICE. In support of this Motion, Plaintiff relies upon and incorporates by reference the facts, arguments, and legal authority outlined in the accompanying Memorandum in Support of Motion to Compel, as well as the pleadings on file with the Court. Pursuant to FED R. CIV. P. 37, concurrence in the relief sought in this Motion was requested from opposing counsel, but no such concurrence was obtained.

**L.R. 37-2 Certification**

The parties through their counsel of record Mr. Alex Hartzler and Nicolette Glazer, engaged in multiple telephonic meet and confer conferences between 14 November and 24

November 2020 but were not able to resolve the discovery disputes set forth in this Motion. Specifically, the parties addressed and discussed the propriety of Defendant's asserted objections and the availability of discovery in a 'pattern and practice' type FOIA cases under the Declaratory Relief Act and conferred and attempted in good faith to resolve the dispute without judicial intervention. The parties engaged in these telephonic discussions in good faith but disagree on the core legal issues presented by this motion.

**Requested Briefing Schedule**

Counsel for the parties respectfully request the following briefing schedule:

Defendant's response due date: **31 December 2020**

Plaintiff's reply due date: **11 January 2021**

Plaintiff respectfully requests that this Court enter an order compelling Defendant ICE to provide complete responses to the propounded discovery requests within 10 days from the entry of the Court's order. Further, Plaintiff respectfully requests that the Court order Defendant to pay attorneys fees for the resolution of this motion.

Respectfully submitted,

_____s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
Law Offices of Larry R Glazer
1999 Avenue of the Stars #1100
Century City,  CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF

# MEMORANDUM IN SUPPORT
# OF MOTION TO COMPEL DISCOVERY

I.   INTRODUCTION AND STATEMENT OF FACTS

On 5 May 2020 Plaintiff filed her two-count complaint in this case. In Count One Plaintiff challenges Defendants' DHS and ICE failure to process, respond, and produce responsive documents to six separate FOIA requests. In Count Two, Plaintiff seeks declaratory and injunctive relief against ICE for a pattern of practice and uniform policies designed to thwart access to public documents and transparency in the agency operations. On 9 July 2020 Defendants filed their answer. (Dkt 7).

On 16 July 2020 this Court, upon reviewing the parties' initial status report and arguments, ordered that (1) the parties "work through the FOIA requests to determine whether further production is forthcoming or can be negotiated[1]" and that (2) Plaintiff serve her proposed discovery requests regarding Count Two by 28 August 2020. (Dkt 11) Plaintiff timely served her discovery requests. Plaintiff agreed to allow for additional time for responses by Defendant ICE and on 27 October 2020 this Court ordered that Defendant serve its responses to the propounded discovery by 5 November 2020. (Dkt 15) After another agreed-upon continuance Defendant ICE served its discovery response on 13 November 2020. Copies of the Defendant's responses are attached as Exhibits A through C to this motion. Defendant did not answer any interrogatory posed or request for admission; not a single request for production was answered, and not a single responsive document has been produced. Rather Defendant stated three 'general objections' applicable to all requests and then objected to every single discovery request (interrogatory, request for production, or request for document) with the same identical objection:

---

[1] To date Defendants have produced a single batch of responsive documents (approximately 1000 pages). Plaintiff believes there are thousands of responsive documents that Defendants have not produced and are unlikely to produce absent this Court's intervention.

**Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.** *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

II. ARGUMENT

   A. **Legal Standard**

Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open, far-reaching discovery. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512,(2002). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." *Id.; Silva v. Fortis Benefits Ins. Co.*, 437 F.Supp.2d 819 (N.D. Ill. 2006). FRCP 33 permits a party to serve interrogatories as to any matter that may be inquired into under Rule 26(b). FRCP 36 provides that where responses to requests for admissions have been timely served but are deficient, the requesting party may move for an order to determine the sufficiency of the response. Fed. R. Civ. P. 36(a)(6). "On finding that [a response] does not comply with this rule, the court may order either that the matter is admitted or that an amended [response] be served." *Id*. FRCP 34, in turn, permits a party to serve on another party a request for production of documents. FRCP 34(B)(2)(b) states that the production of responsive documents "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

To give teeth to the broad discovery allowed under Rule 26, FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 33, 34, and 36. Rule 37 provides that a party may seek to compel discovery when, as here, a responding party fails to admit or deny, answer an interrogatory, or refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). In addition to establishing a process for judicial resolution of discovery disputes, "Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37 advisory committee's notes, 1970 Amendment. Specifically, if the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

### B. The burden of Persuasion is on the Defendant.

"Generally, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. This includes, of course, where the resisting party asserts that the discovery is irrelevant." *United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005); *Young v. City of Chicago*, 2017 WL 25170, at *9 (N.D. Ill. Jan. 3, 2017) ("The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, or not relevant."); *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W. Va. 1970) ("The burden is upon the objecting party to show that her objections to the interrogatories should be sustained."); *Pressley v. Boehlke*, 33 F.R.D. 316, 318 (W.D.N.C. 1963) ("[T]he burden is on defendant to show his objections to interrogatories should be sustained.")

### C. Defendant's General Objections are Frivolous.

In its responses to the propounded discovery (Requests for Productions, Interrogatories, and Request for Admissions) Defendant asserted the exact same three "general objections" and incorporated them into each subsequent individual response which contains only objections. The Court should order these 'general objections' stricken as not well-taken: general objections are "'tantamount to not making any objection at all.'" *RealPage, Inc. v. Enter. Risk Control, LLC*, 2017 WL 1165688, at *3 (E.D. Tex. 2017); *Hernandez v. Arctic Glacier USA, Inc*., 2017 WL 1957567, at *3 (S.D. Cal. 2017); *Covington v. Sailormen Incorporated*, 274 F.R.D. 692, 693 (N.D. Fla. 2011) ("boilerplate, shotgun-style 'General Objections' . . . incorporated into every answer" to interrogatories "will not be tolerated by this Court….") (citation omitted)

*First*, Defendant asserted that "All responses and objections are based only upon such information and documents that are presently available and in defendant's possession." (Exh A-C at 1). Federal Rule of Civil Procedure 34, however, empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co*., 61 F.3d 465, 469 (6th Cir.1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or government contractor. *Henderson v. Zurn Indus*., 131 F.R.D. 560, 567 (S.D. Ind.1990). To the extent Defendant unilaterally has attempted to re-define its production obligations by eliminating its obligations to search and produce archived documents (i.e. limitation to "presently available"), documents in third party possession over which Defendant has legal rights, and/or documents that are within Defendant's "custody or control", such action are in direct violation of Rule 34 and must be sanctioned under Rule 37. *Chaveriat v. Williams Pipe Line Co*., 11 F.3d 1420, 1427 (7th Cir. 1993) (affirming the principle that party has to have it legal right over the document requested); *In re Bankers Trust Co*., 61 F.3d at 469 (explaining that a party has possession, custody, or control only when the

party has the legal right to obtain the documents upon demand); *Beyer v. Medico Ins. Group,* No. CIV. 08-5058, 2009 WL 736759, at *5 (D.S.D. Mar. 17, 2009) ("The rule that has developed is that if a party 'has the legal right to obtain the document' then the document is within that party's 'control' and, thus, subject to production under Rule 34.") (internal citation omitted); *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 647 (E.D. Wis. 2011) (holding that a party is obligated to produce records when it has a legal right to obtain those records even if it does not have actual possession); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 924 (N.D. Ill. 2010) (same, in Rule 45 context). Moreover, "Rule 34 'control' does not require a party to have legal ownership or actual physical possession of any [of the] documents at issue." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation omitted). Instead, "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." *Id*. (citation and internal quotation marks omitted). Defendant's restrictive view of its Rule 34 obligations is foreclosed by precedent.

  *Second*, Defendant stated in 'general objection' no. 2 that ICE objected to <u>all</u> "discovery requests to the extent they seek materials protected by any privilege, doctrine, or immunity, including the attorney-client privilege, the work-product privilege, and any other applicable privilege recognized by common law, statutes, or rules of evidence." It is a well-settled rule that blanket objections like the ones Defendant has interposed in this case, without the production of a privilege log, are not sufficient to invoke either the attorney-client privilege or the work product doctrine. *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990) (Holding that blanket objection that the documents requested were protected by the attorney-client privilege did not invoke the privilege); *Eureka Financial Corp. v. Hartford Accident & Indemnity Co.*, 136 F.R.D. 179, 186 (E.D. Cal. 1991) (Defendant's blanket objection to the discovery of privileged communications held improper and warranted sanctions against the defendant's counsel); *In re Air Crash at Taipei*, 211 F.R.D. 374, 376 n.2 (C.D. Cal. 2002) (Blanket assertion of privilege without the production of a privilege log resulted in a waiver of the privilege). Here, ICE's failed to produce a privilege log with its 13 November 2020 response while invoking *generally* the

attorney privilege and work product doctrine has resulted in a waiver of any privilege. Further, the attorney work-product doctrine applies only to documents prepared by an attorney or his or her agent in anticipation of litigation, such as memoranda, letters, e-mails, etc.. Fed. R. Civ. P. 26(b)(3); *Delaney, Migdail & Young, Chartered v. I.R.S.*, 826 F.2d 124, 126 (D.C. Cir. 1987). The purpose of this protection is to "protect the attorney's thought processes and legal recommendations from the prying eyes of his or her opponent." *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). To qualify for work-product protection, a document must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2004). Here, Defendant has failed to explain how any of the documents and information requested could be covered by either privilege: Plaintiff is seeking policies and rules implemented by ICE, Production Req. 1-8, 9, 14, documents produced and used by ICE, Req. 11, 15, and statistical information, Req. 11. Last but not least, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *United States v. Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992) (holding that one who invokes a privilege "bear[s] the burden of proving that [it] applies"); *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 751 (E.D. Va. 2007) ("[I]t is incumbent upon the proponent to specifically and factually support his claim of privilege."). Until Defendant identifies which other "immunity" or "privilege" it has invoked Plaintiff cannot be required to simply accept Defendant's position that there is somewhere some privilege or rule that would allow ICE to withhold each document and type of information requested. Defendant's approach is a blatant violation of Rule 26.

   *Third*, Defendant objected to <u>all</u> discovery requests "to the extent that they attempt to impose obligations in addition to those set forth in the Federal Rules of Civil Procedure, the

Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable procedural rule." Yet, Defendant failed to identify what information or which request is seeking unauthorized discovery or to identify the rule of procedure violated by Plaintiff.

### D. Defendant Should Be Required to Fully and Completely Respond to the Propounded Discovery Requests.

1. *Boilerplate Objections are invalid and impermissible under FRCP.*

Despite the mountain of caselaw warning litigants that boilerplate objections will not be condoned, Defendant answered each and every discovery request in this case with the following: "Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome". (Exh A-C) But a party's discovery obligation could never be satisfied by such invocation of routinized boilerplate objections rather than providing an individualized reason why a particular discovery request is improper. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir.1996); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir.1996); *In re Aircrash Disaster Near Roselawn, Ind.* Oct. 31, 1994, 172 F.R.D. 295(N.D.Ill.1997) (rejecting generic, non-specific, boilerplate objections); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y.2005) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005). An objector's burden cannot be met by "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overlybroad, unduly burdensome," or that it is "not reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank*, No. 98–8238, 1999 WL 1212561 (N.D.Ill.1999). Instead, the party resisting discovery "must show specifically ... how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 340 n. 4 (N.D.Ill.2007).

*2. Ice has failed to show lack of relevance.*

In response to each discovery request Defendant stated that each such request "seeks information that is not relevant to either party's claim or defense Under Rule 26(b)(1)". Exh A-C. Yet as expansive as the definition of relevancy is under Rule 401 of the Federal Rules of Evidence, *United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir.1980); *United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir.1987), the standard under the discovery provisions of the Federal Rules of Civil Procedure is even broader, *Jackson v. Parker,* 2008 WL 4844747, 1 (N.D.Ill. 2008). Material is relevant in a discovery context if it is relevant to a claim or a defense, not just the particular issues presented in the pleadings. *Duplan Corp. v. Deering Milliken, Inc.,* 397 F. Supp. 1146, 1187 (D.S.C. 1974). It is Defendant's burden to show how each discovery request propounded is irrelevant.

E. **Count Two of the Complaint is not an FOIA claim**.

The gist of Defendant's substantive resistance to all discovery is its contention and presumption that Plaintiff is not entitled to any discovery simply because this is a FOIA case. (Exhibit A-C "*Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").") Plaintiff agrees with Defendant that discovery is generally "disfavored" in the run-of-the-mill FOIA case. *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011). This is so because in a typical FOIA case the issue is whether the "agency has conducted a thorough search" and given "reasonably detailed explanations why any withheld documents fall within an exemption." *Carney v. DOJ,* 19 F.3d 807, 812 (2d Cir. 1994). "The peculiarities inherent in FOIA litigation, with the responding agencies often in sole possession of requested records and with information searches conducted only by agency personnel, have led federal courts to rely on government affidavits to determine whether" the agency has met its FOIA obligations. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). But even in typical FOIA litigation discovery is not *per se* inapplicable. It is well settled by now that persistent and unexplained delays in processing FOIA requests may "raise a sufficient question of bad faith on the part of the government . . . to warrant further exploration through discovery." *Citizens for*

*Responsibility & Ethics in Wash. v. DOJ*, No. 05-2078, 2006 WL 1518964, at *2-3 (D.D.C. June 1, 2006) (permitting limited discovery when "even after a full round of briefing and a motions hearing, there still remain[ed] unanswered questions regarding the government's position that what occurred . . . [was] ordinary and normal [FOIA] processing"). In such cases, a plaintiff may need to conduct narrow discovery on the agency's "policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations." *Gilmore v. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998).

But the availability of discovery in a <u>regular</u> FOIA case is not at issue in this matter. Plaintiff has asserted a separate and distinct 'pattern and practice' claim in Count Two of her complaint. *Hajro v. U.S. Citizenship and Immigration Services*, 811 F.3d 1086, 1104 (9th Cir. 2016) (remanding for determination as to whether "the agency's FOIA violation was not merely an isolated incident" and holding that plaintiff "can provide evidence that he has been subjected to an FOIA violation more than once … or a plaintiff can provide the court with affidavits of people similarly situated to the plaintiff who were also harmed by the pattern or practice"); *Institute v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ( Recognizing the existence of a distinct pattern and practice FOIA cause of action but explaining that "Plaintiff cannot state a 'policy or practice' claim based on a single incident."); *Muttitt v. U.S. Central Command*, 813 F. Supp. 2d 221, 230 (D.D.C. 2011) (finding that the plaintiff stated claim against Department of State by alleging ten instances of failure to provide estimated dates of completion, but failed to state pattern and practice claim against Department of the Treasury by alleging single FOIA violation); *American Center for Law and Justice v. United States Department of State,* 249 F. Supp. 3d 275, 283 (D.D.C. 2017) (denying pattern or practice claim because "while tardiness would violate FOIA, it only becomes actionable when 'some policy or practice' undergirds it"). Here, Plaintiff's prior lawsuits against ICE, the handling of the six enumerated FOIA requests in Count One, and the allegations of existing policies placed Defendant on notice that Plaintiff was not making a garden variety FOIA contest. Relying on the general

unavailability of discovery in FOIA litigation to refuse to answer any of the propounded discovery is unjustified.

### F. The Court should Find that Defendant has Waived any Objection to the Discovery Requests

As detailed below, in response to Plaintiff's discovery requests, Defendant asserted a variety of boilerplate objections. By failing to present proper and valid objections, Defendant ICE has "waived any legitimate objection [they] may have had." *Mancia*, 253 F.R.D. at 364; *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver . . . ." (internal citations omitted)). The Court should order Defendant to provide discovery responses uncluttered from boilerplate or bogus objections.

Respectfully submitted,

\_\_\_\_\_s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.
Law Offices of Larry R Glazer
1999 Avenue of the Stars #1100
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on 7 December 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

\_\_\_\_\_s/ Nicolette Glazer Esq._____
Nicolette Glazer Esq.