UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 2725 |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) | Judge Rowland |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUESTS**

Defendant United States Department of Homeland Security, Immigration and Customs Enforcement, by its attorney John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, answers Plaintiff's document requests as follows:

**General Objections**

1. All responses and objections are based only upon such information and documents that are presently available and in the defendant's possession. All responses and objections are provided without prejudice to presenting further information, documents, evidence, or analyses not yet identified, obtained, or completed.

2. Defendant objects to these discovery requests to the extent they seek materials protected by any privilege, doctrine, or immunity, including the attorney-client privilege, the work product privilege, and any other applicable privilege recognized by common law, statutes, or rules of evidence. To the extent that the defendant inadvertently produces any privileged materials, such inadvertent disclosures shall not constitute a waiver of protection. Defendant reserves the right to object to the use of any privileged materials in this or any other litigation.

3. Defendant objects to these discovery requests to the extent that they attempt to impose obligations in addition to those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable procedural rule.

The foregoing General Objections are incorporated by reference in each of the specific responses below as if fully set forth therein.

## Answers and Specific Objections

1. Please produce all documents in support of your answers and responses to Plaintiff's First Set of Interrogatories to Defendant, ICE.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

2. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, or relate to ICE's discharge of its mandatory statutory duty under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests it receives and to make a determination on each request within the time period set forth in 5 U.S.C. § 552(a)(6).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

3. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, or relate to ICE's discharge of its mandatory statutory duty to make a determination on each request within the time period set forth in 5 U.S.C. § 552(a)(6).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

4. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, or relate to ICE efforts to reduce the backlog of pending FOIA cases before the agency.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

5. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain ICE policies and practice to determine that exceptional circumstances justify ICE's delay in processing FOIA requests beyond the statutory period stated in the Act.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

6. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain ICE policies and practice in responding and processing remanded appeals.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

7. Please produce all policies, procedures, manuals, directives, memoranda, or other

documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain ICE policies and practice in producing responsive records where an appeal has been remanded to the agency for further responses.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

8. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain ICE policies and practice to determine whether a FOIA request made to the agency is not stated with sufficient particularity, requires further clarification[], or is "overly broad" or "too broad", etc.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

9. Please produce all documents reflecting FOIA operational costs for fiscal years 2016 - 2021, including but not limited to its decreased budget for portion including FOIA operations in *FY 2020 Bu[d]get Justification*, at O & S-57 (reducing by $5,593,000 "Other Costs," the section that includes "FOIA Express."

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

10. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain ICE performance standards for FOIA operations.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

11. Please produce all staffing chart of personnel responsible for processing FOIA requests, including but not limited to contract employees for the period from 1 January 2016 to present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

12. Please produce all documents on which ICE relied for its Homeland Security Investigations budget statements to Congress for fiscal years 2016 to present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

13. Please produce the screenshots of all interfaces on which ICE employees rely or use for purposes of tracking and responding to FOIA requests.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

14. Please produce all policies, procedures, manuals, directives, memoranda, or other documents in effect from 1 January 2016 to the present that identify, refer, relate, or explain how ICE personnel should respond to FOIA requests, including but not limited to a) initial requests; b) appeals; c) remanded requests.

**ANSWER:** Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

15. Please produce all documents that identify, refer, relate, or explain how ICE personnel have responded to FOIA requests from Jacqueline Stevens, including but not limited to a) initial requests; b) appeals; c) remands; d) FOIA complaints; e) court orders from 1/1/2012 to present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov

# **CERTIFICATE OF SERVICE**

I, Alex Hartzler, an attorney, hereby certify that on November 13, 2020, I caused DEFENDANT'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUESTS to be served by email (the parties having agreed to serve by email) upon the following counsel of record:

Nicolette Glazer
Law Office of Larry R. Glazer
Watt Plaza
1875 Century Park East #700
Century City, California 90067
(708) 435-0404
nicolette@glazerandglazer.com

    s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov