UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 2725 |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | Judge Rowland |
| SECURITY, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant United States Department of Homeland Security, Immigration and Customs Enforcement, by its attorney John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, answers Plaintiff's requests for admissions as follows:

### General Objections

1.      All responses and objections are based only upon such information and documents that are presently available and in defendant's possession.  All responses and objections are provided without prejudice to presenting further information, documents, evidence, or analyses not yet identified, obtained, or completed.

2.      Defendant objects to these discovery requests to the extent they seek materials protected by any privilege, doctrine, or immunity, including the attorney-client privilege, the work product privilege, and any other applicable privilege recognized by common law, statutes, or rules of evidence.  To the extent that defendant inadvertently produces any privileged materials, such inadvertent disclosures shall not constitute a waiver of protection.  Defendant reserves the right to object to the use of any privileged materials in this or any other litigation.

3.      Defendant objects to these discovery requests to the extent that they attempt to impose obligations in addition to those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable procedural rule.

The foregoing General Objections are incorporated by reference in each of the specific responses below as if fully set forth therein.

## Answers and Specific Objections

1.      Admit that ICE has a mandatory statutory duty under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.  *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

2.      Admit that ICE has a mandatory duty to make a determination to provide or withhold responsive records on each requests within the time period set forth in 5 U.S.C. § 552(a)(6): 20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances."  5 U.S.C. § 522(a)(6)(B)(i).

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.  *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

3.      Admit that in its 2017, 2018, and 2019 annual budgets submitted to Congress ICE did not request funds sufficient for the agency to carry out its statutory obligations to comply with the Freedom of Information Act.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

4.      Admit that in 2017, 2018, and 2019 ICE received funds from Congress sufficient to pay for responding to 95% of FOIA requests submitted to the agency within the statutory time frame.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

5.      Admit that ICE has not allocated sufficient staff to respond to FOIA requests by the deadlines mandated by the FOIA statute.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

6.      Admit that fewer than 15% of FOIA requests that were not accepted for expedited review, submitted to the agency during Financial year 2016 were processed within the statutory deadlines specified in 5 U.S.C. § 522(a)(6).

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

7.      Admit that fewer than 15% of FOIA requests that were not accepted for expedited review, submitted to the agency during Financial Year 2017 were processed within the statutory deadlines specified in 5 U.S.C. § 522(a)(6).

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

8. Admit that fewer than 15% of FOIA requests that were not accepted for expedited review, submitted to the agency during Financial Year 2018 were processed within the statutory deadlines specified in 5 U.S.C. § 522(a)(6).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

9. Admit that fewer than 15% of FOIA requests that were not accepted for expedited review, submitted to the agency during Financial Year 2019 were processed within the statutory deadlines specified in 5 U.S.C. § 522(a)(6).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

10. Admit that fewer than 15% of FOIA requests that were not accepted for expedited review, submitted to the agency during Financial Year 2020 were processed within the statutory deadlines specified in 5 U.S.C. § 522(a)(6).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

11. Admit that records requests by FOIA officers of ICE employees who work in enforcement, detention, and removal operations produced no responsive records from the field within the deadlines stated by the FOIA officers for over 85% of requests for fiscal year 2018.

4

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.  *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

12.    Admit that records requests by FOIA officers of ICE employees who work in enforcement, detention, and removal operations produced no responsive records from the field within the deadlines stated by the FOIA officers for over 85% of requests for fiscal year 2019.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.  *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

13.    Admit that records requests by FOIA officers of ICE employees who work in enforcement, detention, and removal operations produced no responsive records from the field within the deadlines stated by the FOIA officers for over 85% of requests for the fiscal year 2019.

**ANSWER**:  Defendant objects to this request on the grounds that it is vague, ambiguous, duplicative, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case.  *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I, Alex Hartzler, an attorney, hereby certify that on November 13, 2020, I caused

DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS to be served

by email (the parties having agreed to serve by email) upon the following counsel of record:

> Nicolette Glazer
> Law Office of Larry R. Glazer
> Watt Plaza
> 1875 Century Park East #700
> Century City, California 90067
> (708) 435-0404
> nicolette@glazerandglazer.com

 s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov
