UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 2725 |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) | Judge Rowland |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Defendant United States Department of Homeland Security, Immigration and Customs Enforcement, by its attorney John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, answers Plaintiff's interrogatories as follows:

**General Objections**

1. All responses and objections are based only upon such information and documents that are presently available and in defendant's possession. All responses and objections are provided without prejudice to presenting further information, documents, evidence, or analyses not yet identified, obtained, or completed.

2. Defendant objects to these discovery requests to the extent they seek materials protected by any privilege, doctrine, or immunity, including the attorney-client privilege, the work product privilege, and any other applicable privilege recognized by common law, statutes, or rules of evidence. To the extent that defendant inadvertently produces any privileged materials, such inadvertent disclosures shall not constitute a waiver of protection. Defendant reserves the right to object to the use of any privileged materials in this or any other litigation.

3. Defendant objects to these discovery requests to the extent that they attempt to impose obligations in addition to those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable procedural rule.

The foregoing General Objections are incorporated by reference in each of the specific responses below as if fully set forth therein.

## Answers and Specific Objections

1. For each person who provided any information reflected in these answers to interrogatories, state the person's full name, present or last known address and identify each interrogatory which contains information provided by that person.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

2. Please identify the number of ICE final responses to FOIA requests in which the agency requested further clarification of the received request by year for the period from 1 January 2016 to the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

3. Please identify the number of FOIA requests in which ICE has provided no records to the requester until after a district court complaint was filed by the requester for the period since 1 January 2016 to the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

4. Please identify the number or percentage of FOIA requests in which ICE has provided a final response to the requester within 30 working days of the request by year for the period from 1 January 2016 until the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

5. Please identify ICE's directive to employees processing FOIA requests on the meaning of the term "promptly" as it appears in 5 USC §552a(3)(A).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

6. Please identify why ICE was unable to respond to requests for records within the statutory time frames specified by the Act for the period from 1 January 2016 to the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

7. If failure to respond to FOIA requests within the statutory mandated timeframes in 5 U.S.C. §552a is due to budgetary restraints, please identify the budget ICE would have needed to respond to requests as required by the Act for Financial Years 2016 through the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

8. Please identify the procedures ICE has in place for purposes of compliance with 5 USC §552a(2)(D)(ii)(I).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

9. Please identify the procedures ICE has in place for purposes of compliance with 5 USC §552a(2)(D)(ii).

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

10. Please identify the percentage of FOIA requests to which ICE issued a final response within 20 business days of receipt of the respective request during financial years 2016 to 2020.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

11. Please identify the procedures ICE has in place for processing FOIA appeals that have been remanded to the agency for further processing. If amendments were made to the procedures please identify the effective date of the amendment and the specific nature of the change during financial years 2016 to 2020.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either

party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

12. Please identify the procedures ICE has in place for identifying the location of records responsive to FOIA requests made to the agency. If amendments were made to the procedures please identify the effective date of the amendment and the specific nature of the change during financial years 2016 to 2020.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

13. Please identify the procedures ICE has in place for tailoring searches for records likely to be responsive to FOIA requests made to the agency. If amendments were made to the procedures please identify the effective date of the amendment and the specific nature of the change during financial years 2016 to 2020.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

14. Please identify all e-discovery platforms used by ICE to perform searches for records responsive to FOIA requests made to the agency from 1 January 2016 to the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

15. Please identify the total number of individuals employed by the ICE FOIA office during each financial year for the period from 2016 to the present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

16. Please identify the total number of individuals contracted by the ICE FOIA office during each financial year for the period from 2016 to present.

**ANSWER**: Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that it seeks information that is not relevant to either party's claim or defense and is not proportional to the needs of the case. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Alex Hartzler
        ALEX HARTZLER
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1390
        alex.hartzler@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Alex Hartzler, an attorney, hereby certify that on November 13, 2020, I caused DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES to be served by email (the parties having agreed to serve by email) upon the following counsel of record:

Nicolette Glazer
Law Office of Larry R. Glazer
Watt Plaza
1875 Century Park East #700
Century City, California 90067
(708) 435-0404
nicolette@glazerandglazer.com

 s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov