UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, <br> Plaintiff, <br> <br> v. <br> <br> U.S. DEPARTMENT OF HOMELAND SECURITY <br> IMMIGRATION AND CUSTOMS ENFORCEMENT <br> Defendant. | ) <br> ) <br> ) No. 20 cv 2725 <br> ) <br> ) Judge Rowland <br> ) <br> ) <br> ) <br> |

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FULL AND COMPLETE RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**

---

Plaintiff replies to the arguments presented by Defendants in their opposition to the pending motion to compel discovery as follows:

*First*, as in previous filings, Defendants continue to disregard the factual allegations and the causes of action pleaded in Plaintiff's complaint:

> This is an action under the Freedom of Information Act, ("FOIA") 5 U.S.C. § 552, seeking wrongfully withheld agency records relating to conditions of detention and medical treatment of individuals held in detention by U.S. Immigration and Customs Enforcement ("ICE") and U.S. Department of Homeland Security ("DHS"). **This complaint also seeks a declaratory and injunctive relief to remedy Defendant ICE's pattern and practice of systemic violations of FOIA which includes: (1) failure to make determinations concerning FOIA requests within the mandated statutory time periods; (2) failure to conduct proper searches to locate documents responsive to FOIA requests; (3) failure to segregate non-exempt material in records to which**

**ICE had applied redactions; and (4) failure to allocate sufficient resources to address its ever-growing FOIA backlog**.

(ECF #1¶1)

Specifically, Plaintiff invoked 28 U.S.C. §2201-2202 as the jurisdictional and statutory ground for requesting a "grant [of] declaratory relief", (*Id*. ¶3), Count II of the Complaint is titled "Declaratory and Injunctive Relief against ICE", (*Id*. ¶72-77), Count II alleges the existence of a pattern and practice of systemic violations by ICE in timely responding to FOIA requests within the statutory time periods mandated by Congress, in failing to conduct proper searches, in failing to allocate sufficient resources to address the growing backlog, (*Id*. at ¶72-77), and Plaintiff requests that as a relief, the Court "[d]eclare that Defendant ICE's pattern and practice of failing to make determinations on requests within the statutory time frames violate the Act; [d]eclare that Defendant ICE's pattern and practice of failing to make determinations on requests remanded for further processing and promptly notify the requestor of its determinations violate the Act", *Id.* at Prayer for Relief at D & E. Defendants cannot just disregard the causes of actions pleaded in the Complaint and re-write it to fit their arguments and preferred litigation position.

*Second*, that "[d]iscovery in a FOIA case is the exception, not the rule" is utterly irrelevant to the issues before this Court. (Dkt 20 at 2-3). As shown by the discovery requests attached as exhibits to the Motion to Compel, Plaintiff is not seeking through discovery any documents *responsive* to her six outstanding FOIA requests. The Motion to Compel seeks only documents, responses to interrogatories, and proper responses to requests for admission going solely to her cause of action for declaratory relief.

*Third*, Defendants now begrudged have abandoned their claim that FOIA 'pattern and practice' claims are per se not cognizable. (Dkt 20 at 3 ("*Payne* established that a pattern-or-

practice claim requires unlawful practices beyond mere delay in responding to a plaintiff's FOIA requests, which is all Stevens has alleged here.")) Instead, Defendants appear to be using a response to a discovery motion to argue that Count II does not provide enough factual material to withstand a Rule 12 motion to dismiss. (Dkt 20 at 3-11) Defendants have, however, failed to identify binding or persuasive authority for the proposition that a party can blanketly resist Rule 26 requests and pre-empt a properly filed discovery motion by challenging the sufficiency of the complaint in a response to said discovery motion. In fact, even if Defendants had filed a Rule 12(b) motion to dismiss, the filing of a Rule 12 motion does not automatically stay *pending* discovery demands. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988) ("Discovery need not cease during the pendency of a motion to dismiss."); *Drager v. Bridgeview Bank*, No. 1:10-cv-7585, at *17 n.10 (N.D. Ill. June 13, 2011) (*"*The Court notes parenthetically that a pending motion to dismiss does not automatically stay any aspect of a case, including as to discovery. See, *e.g.*, *Tamburo v. Dworkin*, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010)."); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *United Rentals, Inc. v. Chamberlain*, No. 3:12-cv-1466 (CSH), 2013 WL 6230094, at *3 (D. Conn. Dec. 2, 2013) (same). Of course, here Defendants have not even filed a Rule 12 Motion to dismiss; nor have Defendants moved for a stay or a protective order. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (discussing the circumstances in which, upon motion, a pending motion to dismiss may constitute good cause for staying discovery).

*Fourth*, Defendants' attack on the factual sufficiency of the complaint is meritless. Defendants assert that "all [Plaintiff] has alleged is that she submitted six FOIA requests that have not been resolved" (Dkt 20 at 5). Again, Defendants impermissibly blend the two counts of the complaint. Count I, indeed seeks resolution of the six pending FOIA requests; count II is, however, directed at a pattern of systemic FOIA violations involving delays, improper searches, and lack of efforts to address the ever-growing backlog. (Dkt 1 at 72-77)

*Fifth*, Defendants argue that the "dissimilarity of Plaintiff's requests" somehow shows that there is a *per se* non-viable pattern and practice claim. (Dkt 20 at 7-8) In a pattern and practice claim the issue is not the nature of the requests but Defendants' responses and actions towards those requests. *Community Ass'n for Restoration of the Environment, Inc. v. U.S. E.P.A.*, 36 F. Supp. 3d 1039, 1049-54 (E.D. Wash. 2014) (finding that "[p]laintiffs may bring a claim alleging a pattern and practice of unreasonable delay in responding to FOIA requests," but ultimately finding that single violation of a "delay of only a few days" was insufficient); *American Center for Law and Justice v. United States Department of State*, 249 F. Supp. 3d 275, 283 (D.D.C. 2017) (denying pattern or practice claim because "while tardiness would violate FOIA, it only becomes actionable when 'some policy or practice' undergirds it"). Here, Plaintiff alleges the existence of a practice of unreasonable delays and improper handling of FOIA requests and points to her own experience as evidence of such a pattern, its pervasiveness, and the harm the pattern and practice inflict on Plaintiff. Here, at the time the complaint was filed Request No. 1 remained unresolved 318 business days **after Plaintiff's appeal was granted** and the matter had been remanded to ICE to search and produce documents responsive to the request, Dkt 1, ¶¶23-25; Request no 4 remained unresolved 147 business days **after Plaintiff's appeal was granted** and the matter had been remanded to ICE to search and produce documents

responsive to the request, Dkt 1, ¶¶ 43-44; Request No 6 remained unresolved 101 business days **after Plaintiff's appeal was granted** and the matter had been remanded to ICE to search and produce documents responsive to the request, Dkt 1, ¶¶60-62. When Plaintiff filed her complaint, 107 business days had passed without any response to Request no 2, Dkt 1, ¶¶31-33; for Request No 3, ICE online platform purported to show that the request had been fulfilled yet 267 days later -- and despite Plaintiff's efforts-- no documents were ever produced to Plaintiff, Dkt 1, ¶¶36-38. Here the requests span a period from 6 August 2018. Clearly, this is not a situation where a single FOIA request is overdue or an agency is "slow-walking" a production. The facts pleaded in the complaint show a deliberate and willful pattern of action by ICE. Perhaps ICE disagrees with the administrative appeal process but nothing in FOIA or any case cited by Defendants suggests that an agency can disregard an administrative appeal decision finding the agency's searches and production deficient by simply sitting on the remand in the hopes that the successful FOIA appellant will just go away. This case involves the precise egregious behavior Congress intended to halt by enacting FOIA and provided strict time limits in which an agency must respond. *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (concluding that an agency's unreasonable delay in disclosing non-exempt documents violates the FOIA and "courts have a duty to prevent these abuses"). "In adopting the FOIA, Congress was specifically concerned that agencies would delay in responding to requests, and as a result 'an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA.'" *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-1130 SC, 2015 WL 4452136, at *7 (N.D. Cal. Jul. 20, 2015) (quoting *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1187 (N.D. Cal. 1998)). Here Plaintiff is not basing her pattern and practice claim on a single outstanding request but on a clear pattern of systemic and egregious FOIA violations. Cf. *Cause of Action Institute v.*

*Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("Plaintiff cannot state a 'policy or practice' claim based on a single incident."); *Muttitt v. U.S. Central Command*, 813 F. Supp. 2d 221, 230 (D.D.C. 2011) (plaintiff stated a claim against Department of State by alleging ten instances of failure to provide estimated dates of completion, but failed to state pattern and practice claim against Department of the Treasury by alleging single FOIA violation).

*Sixth*, Defendants have filed an answer, Dkt 7, and have admitted the majority of the factual allegations about Defendants' actions. To the extent that Defendants' actual argument is that the Complaint does not plead a pattern and practice claim because Count II does not identify a published or formal procedure or policy, such argument is foreclosed by established precedent. *Muckrock, LLC v. Central Intelligence Agency*, 300 F. Supp. 3d 108, 130-31 (D.D.C. 2018) (rejecting agency's argument that "plaintiff needs to point to a regulation that establishes the policy, or that the agency must concede the policy's existence as a threshold …" to bring pattern or practice claim); *Brown v. U.S. Customs and Border Protection*, 132 F. Supp. 3d 1170, 1172 (N.D. Cal. 2015) (holding that a plaintiff does not need to "name a specific policy at the pleading stage to maintain a FOIA 'pattern or practice' claim"). Even if there is no "egregious" policy to violate FOIA's statutory deadlines, "informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim." *Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 777–78 (D.C. Cir. 2018)).

*Seventh*, Defendants' reading of *Hajro* is unduly restrictive. (Dkt 20 at 9) The Ninth Circuit found that Hajro's pattern or practice claim was moot once he became a citizen because "the probability that USCIS's delays 'will impair [Hajro's] lawful access to information in the future' is now remote." *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1102

(9th Cir. 2016) (quoting *Payne Enters., Inc. v. U.S.*, 837 F.2d 486, 491 (D.C. Cir. 1988)). It "clarif[ied] the standing requirements to assert a FOIA pattern or practice claim," and remanded the case for a determination of "whether Mayock has standing to bring a pattern or practice claim under this standard." *Id*. at 1092–93. The Ninth Circuit's decision, thus, only addressed the standing requirement for advancing a pattern or practice claim, not the standard to establish the actual claim. The Ninth Circuit did not disturb the district court decision addressing requirements to establish a pattern or practice claim. *Hajro v. U.S. Citizenship & Immigration Servs.*, 832 F. Supp. 2d 1095 (N.D. Cal. 2011), rev'd in part, vacated in part, 811 F.3d 1086 (9th Cir. 2016). In relevant part, the district court had found that Hajro and his attorney established a pattern or practice claim because not only was Hajro's FOIA request unanswered past the statutory deadline, "Mayock's declaration [referred] to other requests for which the government has not produced records in a timely manner, as well as the declarations and exemplars of 26 other attorneys." *Id*. at 1107. These declarations "testif[ied] to USCIS's persistent failures with respect to both requirements," i.e., "the failure to provide a response within twenty days and the failure to provide written notice setting forth the 'unusual circumstances' that would qualify USCIS for a ten-day extension of time." *Id*. Moreover, Judge Grewal rejected USCIS's argument that "an agency's delay in responding to a FOIA request, standing alone, is not evidence of bad faith," observing that the argument "confuse[d] whether the evidence supports a finding of a pattern or practice of FOIA violations with the basis for injunctive relief." *Id*. at 1107. He also rejected USCIS's argument that "there is no evidence of a pattern of unreasonable delay in USCIS's FOIA responses to Hajro," in light of clear evidence that the three-month delay in Hajro's request exceeded the time statutorily allowed for processing FOIA requests. *Id.*; *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-1130 SC, 2015 WL 6331268 at *8 (N.D.

Cal. Oct. 21, 2015) (The evidence "show[ed] an unmistakable history that the Fisheries Service fail[ed] to meet its statutory deadlines under FOIA and cause[d] Plaintiffs (and likely others similarly situated) to suffer unpredictable, unreasonable delays.").

*Eight*, a pleading motion challenging the sufficiency of the Declaratory Act claim will be meritless. Defendants have abandoned their position that a pattern and practice claim cannot lie in the FOIA context. "Generally, courts will entertain a declaratory judgment suit if there is an actual case in controversy." *Budget Rent a Car Corporation v. Miljack, Inc.*, 760 F. Supp. 135, 136 (N.D. Ill. 1991). Defendants cannot possibly claim that no live controversy exists between the parties. As such a facial Rule 12 motion would not be proper: "When there is an actual controversy and a declaratory judgment would decide the legal relations between the parties, the declaratory judgment is usually not dismissible." *Tabletop Media, LLC v. AMI Entm't Network, LLC*, C.A. No. 16-1121-RGA-MPT, at *13 (D. Del. Oct. 10, 2017) Although the Court has discretion to decline to hear a declaratory judgment action, *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942), in deciding whether to render declaratory relief, the Court should be guided by the criteria set forth in *Broadview Chem. Corp. v. Loctite Corp.,* 417 F.2d at 998. In that case, the Second Circuit stated that "the two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* In addition, "if either of these objectives can be achieved the action should be entertained and the failure to do so is error." *Id.* Defendants will be hard pressed to carry the heavy burden of establishing that an actual controversy like the one between the parties in this case should be dismissed.

                                        Respectfully submitted by
                                        _____s/ Nicolette Glazer Esq._____

                      Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
1999 Avenue of the Stars #1100
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com

ATTORNEY FOR PLAINTIFF