| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 20 C 2725 |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | Hon. Judge Rowland |
| SECURITY, IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order (Dkt 115), Plaintiff respectfully submits this Status Report regarding Defendant U.S. Immigration and Customs Enforcement (ICE)'s final production. A Declaration and supporting exhibits are attached hereto.

1. In an effort to resolve this long-pending litigation, Professor Stevens proposed to ICE and the Court that she would be willing to resolve this case "if ICE is able to produce all 'jail services cost statements' [JSCSs] responsive to her FOIA request." (Dkt 114 at 1, ¶ 2, citing Dkt. 114-1 at 8, Stevens Decl. ¶ 33).

2. ICE accepted Stevens' proposed resolution. (Dkt 114 at 2, ¶ 5).

3. Specifically, ICE told the Court on June 12, 2026, "in an effort to resolve this almost-six-year-old case, ICE has now affirmatively located and compiled the latest jail services cost statements (also sometimes referred to as detention services cost statements [DSCSs]) for 13 of the 14 facilities listed in the FOIA request. . . ICE expects its FOIA office to produce the documents to Stevens by the close of business on June 15, 2026." (Dkt 114 at 2, ¶ 5).

1

4.	In reliance on ICE's representation, the Court entered an Order dismissing this case without prejudice on June 15, 2026, and instructing Plaintiff to file a status report on or before June 29, 2026, if she wants to be heard on the final production. (Dkt 115).

5.	On June 16, 2026, ICE produced a set of records to Stevens.

6.	Contrary to ICE's representation to this Court, the records it produced were not the latest JSCSs or DSCSs for 13 of the 14 facilities listed in Stevens' FOIA request.

7.	ICE failed to produce the latest JSCSs or DSCSs for 12 of the 13 facilities at issue in this case.

8.	Instead, as further described in Stevens' Declaration, and enumerated in Table 1 below, ICE produced only three JSCSs or DSCSs. Only one of those–the DSCS for the Joe Corley facility– appears to be the "latest" iteration. The remaining two are from 2018 (Hudson) and 2021 (Polk).

9.	A complete description of ICE's June 16, 2026, Production is listed below in Table 1.

| Table 1: Records Produced by ICE Jun. 16, 2026 | | | |
|---|---|---|---|
| Facility # | Facility | Records ICE Produced Jun. 16, 2026 | JSCS or DSCS Complaint with Dkt 114 at 2, ¶ 5 & Dkt 115? |
| 1 | Berks (PA) | A 4-page email dated Mar. 23, 2018, on proposed rates for juvenile detention services. (pdf pp 1-4) | No. |
| 2 | Dilley (TX) | An Excel spreadsheet titled "5.1.1-P00029-REA[1]" dated Jul. 18, 2023, containing two tabs of prevailing wage determinations for facility staff. | No. |

---

[1] Requests for Equitable Adjustment, described further at para. 10.

| | | | |
|---|---|---|---|
| 3 | Hudson (NJ) | An Excel spreadsheet titled "23MAY2018_IGSA DSCS Hudson County vFINAL-H" containing nine tabs encompassing the full DSCS for the facility. | Partial.*<br><br>*This record does not appear to be the "most recent" DSCS, for this facility, as it is from 2018. |
| 4 | Stewart (GA) | A 5-page REA from the Contractor to ICE dated Nov. 17, 2025, based on increased labor costs. (pdf pp. 33-37) | No. |
| 5 | Aurora (CO) | A 5-page REA from the Contractor to ICE dated Nov. 9, 2023, based on increased labor costs (pdf pp. 19-24) | No. |
| 6 | Tacoma (WA) | A 6-page REA from the Contractor to ICE dated Nov. 9, 2023, based on increased labor costs (pdf pp. 38-43 | No. |
| 7 | Otay Mesa (CA) | A 14-page REA from the Contractor to ICE dated Jan. 16, 2024, based on increased labor costs (pdf pp. 5-18) | No. |
| 8 | Eloy (AZ) | A 2-page REA from the Contractor to ICE dated Sept. 19, 2025, based on increased labor costs (pdf pp. 25-26) | No. |
| 9 | Otero (NM) | An Excel spreadsheet titled "5.1.1-P00044-BTReview-Final Otero II REA 2015-545" containing three tabs of prevailing wage determinations for facility staff based on ranges of facility population. | No. |
| 10 | Joe Corley (TX) | An Excel spreadsheet titled 5.7-Att 12A - Joe Corley_RFP Att C_DSCS_06-04-26_Unlocked-R containing six tabs encompassing the full DCSC for the facility. | **Yes.** |
| 11 | Houston (TX) | A 13-page REA from the Contractor to ICE (with the final six pages blank) dated Oct. 13, 2025, based on increased labor costs (pdf pp. 49-61) | No. |
| 12 | Polk (TX) | An Excel spreadsheet titled "Jail Cost | Partial.* |

| | | Statement Polk County_6-17-H" containing nine tabs encompassing the full JSCS for the facility from 2016-2021. | This record does not appear to be the "most recent" JSCS for this facility, as it is from 2016-2021. |
|---|---|---|---|
| 13 | LaSalle (LA) | A 5-page REA from the Contractor to ICE dated Mar. 6, 2026, based on increased labor costs. (pdf pp. 44-48) | No. |

10. The remainder of the records ICE produced are not JSCSs or DSCSs, but rather, Requests for Equitable Adjustment [REA] sent by contractors based on the increased labor costs reflected in the staffing matrices that sometimes accompany these requests.

11. The DSCS ICE produced from the Joe Corley facility demonstrates the difference. It says:

> **This Detention Services Cost Statement is mandatory for all applicants requesting a new detention contract or housing rate modification to complete this document in its entirety. This Excel document contains various tab [sic] that contain schedules that will assist ICE's Contracting Officers with their fair and reasonable determinations and negotiations. The document will also assist detention facilities in developing a complete and supportable proposal. Please complete the green cells, as needed.**

12. This record also describes the DSCS's purpose:

> **The purpose of this document is to provide a clear and consistent framework for providing pricing information for ICE detention facilities. Criteria used to evaluate fixed per diem rates based on actual**

> and allowable costs will be in accordance with the Federal Acquisition Regulations ("FAR") for contracts with private vendors. We recommend that personnel completing this document are well trained to ensure compliance with the applicable portions of the FAR and the Service Contract Act.

13. Both the Joe Corley and Hudson DSCS spreadsheets produced by ICE on June 16, 2026, list the full contents of the records Stevens requested. Under "Schedules to be Completed", which corresponds to the tabs of the document, the documents include: (1) Cover Page; (2) Staffing Wages; (3) Staffing Benefits; (4) Facility Costs; (5) Depreciation & Interest; (6) Other Direct Costs; (7) G&A; (8) Contract Services; and (9) Transportation.

14. REAs have some, but not all, of this information. They are not JSCSs or DSCSs. They are merely inputs ICE and its detention contractors use to reach the output Plaintiff's FOIA request seeks.

15. Professor Stevens has previously informed ICE and the Court of what she is seeking when she requests JSCSs and DSCSs, including as part of her most recent Declaration. *See* (Dkt 114-1, Tab 9 at 53-64). *See also* (Dkt 83 at 53-64).

16. ICE represented to the Court in its most recent Status Report that it knew and understood what Stevens was seeking. (Dkt 114 at 2, ¶ 5).

17. "In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness 'based on what the agency knew at its conclusion rather than what the agency speculated at its inception.'" *Scaff-Martinez v. DEA*, 770 F. Supp. 2d 17, 21 (D.D.C. 2011) (quoting *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 28 (D.C. Cir. 1998)).

18.     Plaintiff agreed to resolve this case if ICE produced the most recent JSCSs and DSCSs for the subject facilities. ICE presented that agreement to this Court. The Court relied on it and entered an order of dismissal without prejudice. But, as explained above, ICE did not hold up its end of the agreement.

19.     ICE knows what JSCSs and DSCSs are. It produced three of them on June 16.

20.     The agency's representation to the Court that it had located and would produce 13 of 14 JSCSs or DSCSs was untrue, and resulted in the dismissal of this case against Plaintiff.

21.     Plaintiff therefore requests that the Court vacate its dismissal of her FOIA claim as to JSCSs, order ICE to either produce the latest JSCSs and DSCSs for the 12 deficient facilities and show cause why the agency should not be held in contempt or face any other sanctions or remedial relief this Court deems appropriate for its material misrepresentations in Paragraph 5 of its June 12, 2026, Status Report.

Dated: June 29, 2026                                        Respectfully submitted,

                                                            By: /s/ Daniel Melo
                                                            Daniel Melo
                                                            The Melo Law Firm
                                                            NC Bar # 48654
                                                            2920 Forestville Road, Ste 100
                                                            PMB 1192
                                                            Raleigh, NC 27616
                                                            Tel: (919) 348-9213
                                                            dan@themelolawfirm.com
                                                            *Pro Bono Counsel For Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served the foregoing filing with the Clerk of

Court using the CM/ECF system, which will deliver a copy to all Parties.

Dated: June 29, 2026

/s/    Daniel Melo