EXHIBIT D



June 16, 2026

Ms. Jacqueline Stevens
601 University Place, 2d floor
Political Science Department
Evanston, IL  60208

**RE:** **Stevens v. ICE 20-cv-2725**
**ICE FOIA Case Number 2020-ICLI-00042**
**Final Supplemental Production re Court-Ordered Supplemental Searches for**
**FOIA Request 2018-ICFO-59138.**

Dear Ms. Stevens:

This letter covers the final supplemental production of records pertaining to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE) assigned tracking number 2018-ICFO-59138 seeking:

A. The most recent Jail Services Costs Statement (JSCS) for the following facilities ICE uses to hold people under immigration laws:

1) the Berks County Residential Center, Berks County, PA;
2) South Texas Family Residential Center, Dilley, TX;
3) Hudson County Jail, Hudson County, NJ;
4) Stewart County, GA, (CoreCivic);
5) Aurora, Colorado (GEO)
6) Tacoma, WA (GEO)
7) Otay Mesa, CA (CoreCivic)
8) Eloy, AZ (CoreCivic)
9) Pinal County Jail, AZ
10) Otero County Processing Center, NM (MTC)
11) Joe Corley Detention Facility, Conroe TX (GEO)
12) Houston, TX (CoreCivic on Export Drive)
13) IAH, Secure Adult Detention Center (MTC) (Livingstone, TX)
14) LaSalle, LA

ICE has considered your requests under the FOIA, 5 U.S.C. § 552.  Pursuant to the Court's order of February 26, 2025, ECF Doc. # 89, ICE conducted supplemental searches.

A search of the Office of Acquisitions (OAQ) located records that were potentially responsive to your request for each of the sites listed above, except for Pinal County Jail.  ICE has determined

that any use of the Pinal County Jail to house ICE detainees would have been via the U.S. Marshal's Service and that there would be no intergovernmental service agreement between Pinal County and ICE, and therefore no jail services cost statement.

For this production ICE reviewed 61 pages and 5 Excel spreadsheets of potentially responsive documents. ICE has determined that portions of the 61 pages and 5 Excel spreadsheets will be withheld in part pursuant to FOIA Exemptions 4, 6, 7(C) and, 7(E ) as described below. A total of 61 pages have been Bates numbered 2020-ICLI-00042 12610 through 2020-ICLI-00042 12670. The attached pages continue with the next consecutive Bates number following the last production dated January 29, 2026 (12609).

FOIA Exemption 4 protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  This exemption covers two categories of information in federal agency records: (1) trade secrets; and (2) information that is commercial or financial, obtained from a person (which may include corporations or state governments), and privileged or confidential, which is both customarily and actually treated as private by the submitter of the information.  *See Food Marketing Institute v. Argus Leader Media,* 139 S. Ct. 2356, 2362-63 (2019).  I have reviewed the responsive documentsand I have determined that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the personally identifiable information of DHS employees and third parties contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the non-public-facing individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes note of the strong interests of individuals, whether they are suspects, witnesses, investigators, or individuals performing their official duties in connection with a law enforcement agency, in not being unwarrantably associated with alleged criminal activity or becoming targets for revenge by begrudged individuals.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of the non-public-facing individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have

determined that disclosure of certain law enforcement sensitive information contained within the responsive records (i.e., staffing levels for security-related positions for detention sites) could reasonably be expected to risk circumvention of the law.

If you have any questions about this letter, please contact Assistant United States Attorney Alex Hartzler at Alex.Hartzler@usdoj.gov.

Sincerely,

Rolando Velasco Jr.
Litigation Team Supervisor

Enclosure: 61 pages / 5 Excels